*Clifford S. Tower,* for complainant.
*Thomas W. Gilchrist,* for respondents.

---

### GEORGE H. PIKE *vs.* GEORGE D. WILBUR.

#### JUNE 5, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Adverse Possession. Time of Commencement of Possession.*
Where a defendant has had ten years' uninterrupted, peaceable, adverse possession, claiming premises as his own since February 1, 1896, it can not defeat his title that he has had such possession for more than such period, the possession beginning under the former statute, in which the period required was twenty years instead of ten.

TRESPASS QUARE CLAUSUM. Heard on exception of plaintiff to decision of Superior Court overruling demurrer to plea, and exception overruled.

BLODGETT, J. In this action of trespass *quare clausum,* in which the writ was served on October 21, 1907, the declaration charges the wrongful entry of the defendant to have occurred "on the   day of   to wit, 1889, and at divers other days and times between that day and the date of the plaintiff's writ," and the defendant has pleaded "that for the space of ten years beginning from and after the 1st day of February, A. D. 1896, he has been in the uninterrupted, quiet, peaceable and actual seizin and possession of said lands, tenements and

hereditaments for and during said time, claiming the same as his own proper, sole and rightful estate in fee simple, and that he, the said defendant, has thereby obtained conclusive title thereto in accordance with and by virtue of the provisions of § 2 of Chapter 205 of the General Laws of Rhode Island."

The case is before us upon the plaintiff's demurrer to this plea on the ground "that the trespasses complained of occurred at times previous to the first day of February, 1896, to wit, at times previous to the time set up in said plea in bar at which the actual quit seisin and possession of the defendant commenced."

The cause of demurrer is substantially a re-assignment of the trespasses complained of, and should have been set up by way of replication; but the question intended to be raised, and which was argued before us, was whether the adverse possession of ten years under the new statute is good, though the possession of the defendant began under the former statute in which the period required was twenty years instead of ten.

We are of the opinion that the plea is good. If the defendant has had ten years' uninterrupted, peaceable, adverse possession, claiming the premises as his own since February 1, 1896, it can not defeat his title that he has had such possession for more than ten years. *Union Savings Bank* v. *Taber,* 13 R. I. 692; *Radican* v. *Radican,* 22 R. I. 405. And see *Fiske, Admx.,* v. *Briggs,* 6 R. I. 557.

The plaintiff's exception to the decision of the Superior Court overruling his demurrer is overruled, and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the plea.

*W. Waldo Robinson,* for plaintiff.
*William J. Brown,* for defendant.